UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS DUNN and THELMA DUNN, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-01875 JCH |
| ) | |
| NEXGRILL INDUSTRIES, INC., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant Nexgrill Industries, Inc.'s Bill of Costs. (Doc. No. 114). This matter is fully briefed and ready for disposition.

**A.  Background**

On June 23, 2009, this Court granted Summary Judgment in favor of Defendant. (Doc. Nos. 111, 113). On July 10, 2009, Defendant filed this Bill of Costs seeking $11,566.36 in costs. (Doc. No. 114). This matter is fully briefed and ready for disposition.[1]

**B.  Standard of Review**

Costs other than attorneys' fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d); see also 28 U.S.C. § 1920 (enumerating costs that are recoverable).[2] "Federal courts are

---

[1]Plaintiffs do not dispute Defendant's claim for costs for fees of the clerk ($350), fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case ($300.70) or fees for witnesses ($239.61).

[2]28 U.S.C. § 1920 provides:
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

bound by the limitations set out in section 1920." 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007) (citations omitted). Although there is a presumption that the prevailing party is entitled to its costs, the district court has "substantial discretion" in awarding costs. Marmo v. Tyson Fresh Meats, 457 F.3d 748, 762 (8th Cir. 2006) (citing Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000)); Bathke v. Casey's Gen. Stores, 64 F.3d 340, 347 (8th Cir. 1995)(appellate court reviews district court award for "abuse of disretion"). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'" 168th & Dodge, LP, 501 F.3d at 958 (quoting Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005)).

**C.     Discussion**

    1.     Costs for Exemplification and Copies of Materials

Copy and exemplification fees may be awarded if the fees were incurred for items "necessarily obtained" for use in the case. 28 U.S.C. § 1920(4). Plaintiffs assert that Defendant has not provided sufficient support for its purported copying costs. See Plaintiffs' Memorandum in Response to Defendant Nexgrill Industries, Inc.'s Motion for Bill of Costs ("Response"), Doc. No. 115, p. 3 ("The invoices do not indicate what was copied, scanned or placed on CD/DVD and in no way indicate that these services were necessary, reasonable and performed for use at either deposition or trial."). Defendant asserts that it is entitled to the full amount of its copying costs because it properly filled out the bill of costs form and itemized the copying costs. See Nexgrill's Reply Memorandum in Support of its Bill of Costs ("Reply"), Doc. No. 119.

---

(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant failed to provide sufficient information for the Court to award its full cost request for copying. Defendant submitted receipts outlining the dates of the copies, the rate charged for the copying and type of material copied, *e.g.*, CD/DVD, photographs. With the exception of a few entries, Defendant "has provided no details or explanation regarding what documents it copied or how it used the documents." Platte River Ins. Co. v. Health, No. 4:07cv0036, 2009 U.S. Dist. LEXIS 64197, at *11 (E.D. Ark. Jul. 10, 2009). For example, Defendant seeks reimbursement for copies of "exhibits from expert, Rob Miller" made on October 31, 2008. Defendant provides no information regarding whether the copied exhibits were used as part of a pleading or for the Defendant's own files.[3] "It is therefore impossible to tell to what extent copies charged by [Defendant] were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel. Id. (citing Fogleman v. ARAMCO (Arabian American Oil Co.), 920 F.2d 278, 286 (5th Cir. 1991)). "While the prevailing party is not expected to provide a detailed description of every piece of paper copied, it is expected to provide the best breakdown of the copied material obtainable from its records." Montgomery County v. Microvote Corp., No. 97-6331, 2004 U.S. Dist. LEXIS 8611, at *27 (E.D. Pa. May 13, 2004) (citations omitted).

The Court reduces Defendant's requested copying costs by twenty-five (25) percent. See Platte River Ins. Co., 2009 U.S. Dist. LEXIS 64197, at *12 (reducing the prevailing party's award for copying costs by 50%). This Court awards Defendant costs for exemplification and copies of papers necessarily obtained for use in this case in the amount of $3,653.40.

---

[3]Only the entries dated March 13, 2009 identify the purpose of the copies (*i.e.*, for the "pre-trial hearing").

2.  Depositions Costs

A prevailing party is entitled to "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]"  28 U.S.C. §1920(2).  "[A] court has discretion to award deposition costs if the deposition was 'necessarily obtained for use in a case and was not purely investigative,' even if the deposition was not introduced at trial."  Thomas v. Newton, No. 4:07CV556, 2009 U.S. Dist. LEXIS 54253, at *9 (E.D. Mo. June 26, 2009) (quoting Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997)).

Plaintiffs assert that this Court should not award Defendant its deposition costs because it has not made a showing that the depositions were "reasonably necessary" for use in this case.  Response, p. 4 (citing Green Construction v. Kansas Power Light Co., 153 F.R.D. 670 (D. Kan. 1994).  Defendant cites to its counsel's certification to support its requested deposition costs as necessarily obtained for use in this case.  Reply, p. 2.

The Court finds that the depositions were necessarily obtained for use in this case.  A number of the depositions were used by the parties in the briefing on Defendant's motions to strike Plaintiffs' experts and on Defendant's Motion for Summary Judgment.  See Bathke, 64 F.3d at 347 (awarding costs when the court ruled on the depositions in deciding the motion for summary judgment); Delgado v. Hajicek, No. 07-2186, 2009 U.S. Dist. LEXIS 66519, at *9 (D. Minn. Jul. 30, 2009) (court had "no trouble" concluding that certain depositions were necessary where they were relied upon in defendants' summary judgment brief).  In addition, Defendant designated these depositions for which it requests costs for use at trial, which supports a finding that the depositions were necessarily obtained for Defendant's defense.  See Sappington v. Skyjack Inc., No. 04-5076, 2008 U.S. Dist. LEXIS 76417, at *4-5 (W.D. Mo. Sept. 30, 2008), aff'd, 2009 U.S. App. LEXIS 15533 (8th Cir. Jul. 15, 2009)(where case was dismissed prior to trial, awarding costs for depositions not

used at trial but included in the party's trial designations). The Court awards costs to Defendant for the depositions requested ($5,712.45).[4]

The cost of postage and delivery for the depositions, however, is not properly taxable. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) (Section 1920 does not authorize taxing a party for postage and delivery expenses); B.W.A. v. Farmington R-7 Sch. Dist., No. 4:06CV1691, 2009 U.S. Dist. LEXIS 21341, at *5 (E.D. Mo. Mar. 17, 2009). The Court denies Defendant its expenses for postage and delivery ($92.40).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Bill of Costs (Doc. No. 114) is **DENIED** in part and **GRANTED** in part.

**IT IS HEREBY FURTHER ORDERED** that costs are taxed against Plaintiffs and in favor of Defendant in the amount of $10,256.16.


Dated this 21st day of March, 2011.



/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE

---

[4]This amount does not include the cost of postage and delivery.